IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>KENNETH JOSEPH WOODARD,<br><br>Debtor(s). | CASE NO. BK 08-81442-TLS<br><br>CHAPTER 13<br><br>ADV. NO. A21-8023-TLS |
| KENNETH JOSEPH WOODARD, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s)<br><br>vs.<br><br>NAVIENT SOLUTIONS, LLC, and NAVIENT CREDIT FINANCE CORPORATION,<br><br>Defendants(s). | FINDINGS & RECOMMENDATIONS TO THE DISTRICT COURT |

This matter is before the court on the joint motion to withdraw the reference of this adversary proceeding (Fil. No. 94).

For the reasons explained below, I respectfully recommend that the United States District Court for the District of Nebraska grant the motion, withdraw the reference pursuant to Nebraska General Rule 1.5(b), and proceed with final approval of the parties' class action settlement.

BACKGROUND SUMMARY

This is an adversary proceeding filed to seek relief from the defendants'[1] alleged violations of the discharge injunction of 11 U.S.C. § 524 through the collection of discharged student loan debt. It is one of several such actions filed in judicial districts around the country on behalf of various classes of borrowers challenging Navient's collection of allegedly discharged debt.

This court approved the formation of a class of litigants composed of certain consumer education loan borrowers who filed for bankruptcy protection within the Eighth Circuit, received discharge orders, and were subject to post-discharge collection efforts by Navient. *See* Order of Mar. 8, 2023 (Fil. No. 54). Not long thereafter, a bankruptcy court in California certified a damages class covering educational loan borrowers who had received bankruptcy discharges within the Ninth Circuit and yet were subject to Navient's efforts to collect the debt. That court

---

[1] The defendants will be referred to collectively herein as "Navient."

also certified a nationwide class for injunctive relief. Similar cases remain pending in New York and Michigan.

The parties in these cases diligently participated in mediation and extensive efforts to reach a mutually acceptable settlement of their claims. Those efforts were successful, and the parties have agreed to a settlement covering certain student loans to borrowers who received bankruptcy discharges throughout the United States (excluding borrowers who received bankruptcy discharges in bankruptcy courts in the Fifth Circuit, as those borrowers obtained relief in the settlement of the claims in the case of *Crocker v. Navient Sols., LLC*, Case No. 15-35886 (DRJ), Adv. Pro. No. 16-03175 (DRJ), 2020 WL 5579607 (Bankr. S.D. Tex. Aug. 27, 2020)).

The parties to this case brought the settlement before this court, which entered an order granting preliminary approval on July 6, 2023 (Fil. No. 93).

## BASIS FOR WITHDRAWAL OF THE REFERENCE

The parties request the withdrawal of the reference to the bankruptcy court and the entry of a final order approving the settlement by a district court judge to avoid confusion and possible future collateral attacks by ensuring proper jurisdictional authority to enter an order that is binding beyond the boundaries of the judicial district.

In this litigation, Navient argued that a bankruptcy court lacks the authority to enforce discharge orders entered by other courts for two reasons: first, because a bankruptcy discharge is codified as an injunction in 11 U.S.C. § 524, and second, because the Bankruptcy Code contains no private right of action by which a debtor can assert claims that a creditor has violated the debtor's bankruptcy discharge. Navient contended that because the remedy for violating an injunction is a contempt order, only the court issuing the discharge order can enforce it. Navient notes that while the Eighth Circuit Court of Appeals has not addressed this question, a number of other circuits have endorsed this position, citing *Anderson v. Credit One Bank, N.A.*, 884 F.3d 382 (2d Cir. 2018); *Galaz v. Katona*, 841 F.3d 316, 322 (5th Cir. 2016); *Jones v. CitiMortgage, Inc.*, 666 F. App'x 766 (11th Cir. 2016); *Green Pt. Credit, LLC v. McLean*, 794 F.3d 1313 (11th Cir. 2015); *Alderwoods Group., Inc. v. Garcia*, 682 F.3d 958 (11th Cir. 2012); *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186 (9th Cir. 2011); and *Cox v. Zale Del., Inc.*, 239 F.3d 910 (7th Cir. 2001).

This court did not adopt Navient's position, instead distinguishing bankruptcy discharge injunctions from other types of injunctive orders issued by federal courts and ruling that it has authority to enforce discharge injunctions entered by other judges and other courts. This decision is based on the grounds that a bankruptcy discharge order is a national form order entered in every bankruptcy case in which a debtor obtains a discharge. In contrast to injunctions entered under Federal Rule of Civil Procedure 65, a § 524 discharge injunction is not an individualized, court-crafted injunction that can only be interpreted or enforced by the court which entered it. *See* Order of Mar. 8, 2023, at 2-3 (Fil. No. 54).

To avoid future concerns about authority as well as jurisdiction, I respectfully recommend that the United States District Court for the District of Nebraska grant the parties' motion and withdraw the reference so the class can proceed without those concerns.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED: July 13, 2023.

Respectfully Submitted,

Thomas L. Saladino
Chief Judge

Notice given by the court to:
Jason W. Burge
Lynn E. Swanson
Adam R. Shaw
Joseph A. Florczak
Craig A. Knickrehm

*Movant is responsible for giving notice to other parties if required by rule or statute.