IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH JOSEPH WOODARD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC and NAVIENT CREDIT FINANCE CORPORATION,<br><br>Defendants. | 8:23CV301<br><br>MEMORANDUM AND ORDER |

In 2021, Plaintiff Kenneth Joseph Woodward ("Woodward") initiated proceedings, on behalf of himself and all others similarly situated, against defendants Navient Solutions, LLC, and Navient Credit Finance Corporation (together, "Navient"), alleging Navient had unlawfully collected discharged student-loan debt, in violation of the 11 U.S.C. § 524 injunction. The matter was first heard by a bankruptcy judge,[1] who authorized Woodward and similarly situated litigants to move forward as a class. The parties later reached a settlement agreement through extensive negotiations, which was preliminarily approved by the bankruptcy judge on July 6, 2023.

In July 2023, this Court received and adopted the Findings and Recommendations (Filing No. 1) of the bankruptcy judge, recommending the Court order the withdrawal of the adversary proceedings from the bankruptcy court and set a hearing on the final approval of the class-action settlement. That hearing is scheduled for December 8, 2023.

Now before the Court are LW Holdco IV LLC's ("LW Holdco") Amended Motion to Intervene (Filing No. 11) and Motion for Status Conference (Filing No. 18) to

---

[1] The Honorable Thomas L. Saladino, Chief Judge of the United States Bankruptcy Court for the District of Nebraska.

discuss that matter. As of November 22, 2023, LW Holdco seeks to intervene in this matter pursuant to Federal Rule of Civil Procedure 24 as attorney-in-fact for Smith Law Group LLC ("Smith Law") and in its own capacity "for the purpose of enforcing its interest and the interests of Smith Law . . . in any attorneys' fees, costs, or expenses awarded in connection with the settlement of this action." In short, LW Holdco believes Smith Law is entitled to a fee-split of the attorney fees in this case due to an arrangement that firm had with Woodward's counsel in another matter. Asserting LW Holdco is its attorney-in-fact and also has a financial interest "in a portion of Smith law's present and future claims for fees" in certain cases, it seeks to intervene to protect those interests here.

LW Holdco argues the Court should grant its motion to intervene as of right, *see* Fed. R. Civ. P. 24(a), but also states that permissive intervention under Rule 24(b) is nonetheless warranted because "[f]airness demands that Smith Law be afforded the opportunity to assert its right to fees for the intellectual capital, perseverance, and sweat equity contributed to the cases that resulted in the current settlement."

As a result, the Court scheduled a status conference to discuss the parties' positions on whether, in light of the pending Motion to Intervene and Woodward's recent Motion for Attorney Fees (Filing No. 13), the December 8, 2023, hearing on the Motion for Final Approval of Class Action Settlement (Filing No. 9) could move forward. Having now received a response regarding that issue from Woodward (Filing No. 20) as well as a reply from LW Holdco (Filing No. 22), the Court is satisfied it can and should move forward without a status conference and will deny LW Holdco's request to intervene as untimely.

Under Rule 24, the Court "'must permit anyone to intervene' who, (1) '[o]n timely motion,' (2) 'claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest,' (3) 'unless existing parties

2

adequately represent that interest.'" *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. ___, ___, 142 S. Ct. 2191, 2200-01 (2022) (quoting Fed. R. Civ. P. 24(a)(2)). "The issue of the timeliness of a motion to intervene is a threshold issue." *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010). "To assess timeliness, courts consider four factors: '(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties.'" *United Food and Com. Workers Union, Loc. No. 663 v. U.S. Dep't of Agric.*, 36 F.4th 777 (8th Cir. 2022) (quoting *Smith v. SEECO, Inc.*, 922 F.3d 398, 405 (8th Cir. 2019)).

Based on "all the circumstances," *Ritchie*, 620 F.3d at 832, LW Holdco's motion is untimely. First, LW Holdco is incorrect that this matter "is still in its earliest stages." In actuality, LW Holdco seeks to intervene at the near "end-game" of the litigation between these parties, who have already reached a settlement agreement after extensive proceedings in bankruptcy court and laborious negotiations. *United Food*, 36 F.4th at 780. While this may not be a "ninth-inning-with-two-outs intervention attempt," we've certainly reached at least the bottom of the eighth. *Id.* (quoting *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1066 (8th Cir. 2013). Courts have "denied motions to intervene in cases with far less docket activity," *Ritchie*, 520 F.3d at 832, so the extent of the litigation's progress weighs heavily against allowing LW Holdco to intervene at this late stage.

Second, the fact that LW Holdco has long been on notice of this litigation and its claimed interest in attorney fees in the matter also strongly cautions against intervention. *In re Wholesale Grocery Prods. Antitrust Litig.*, 849 F.3d 761, 767 (8th Cir. 2017) (concluding this factor "weighs heavily in cases where the would-be intervenor was aware of the litigation for a significant period of time before attempting to intervene"). According to its own filings, LW Holdco has been aware of its interest in this matter

3

since at least July 2022, when it began "communicat[ing] its position to plaintiff's counsel" that Smith Law was entitled to a share of the fees "in this proceeding." While LW Holdco and Smith Law purportedly attempted to discuss this issue with Woodward's counsel several times since that date, they never sought to intervene at any point in the past year or so to protect this alleged interest until now.

Given this lengthy history and the ongoing lack of assurance that Smith Law's alleged interests in this case would be protected by the parties, the Court disagrees with LW Holdco's assertion that intervention "has only now become necessary because" of Woodward's counsels' recent representation "they have no intention of" allocating fees to Smith Law. Thus, "even absent any prejudice" to the parties, "the progress of the litigation, [LW Holdco's] knowledge of it, and [its] failure to adequately explain the delay" support the Court's denial of its motion. *ACLU of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1095 (8th Cir. 2011).

Finally, the possible prejudice to the current parties in this matter presented by any late-stage intervention is substantial. The complex issues potentially presented by LW Holdco's claimed interest would result in a lengthy delay of any final judgment, and the existing parties have already expended considerable time and resources up to this point. *See ACLU of Minn.*, 643 F.3d at 1094-95. Significantly, LW Holdco also "does not object to the terms of the proposed class action settlement" nor to the "dollar amounts requested in the Fees Application" currently pending before the Court. This further demonstrates LW Holdco "can vindicate any interest in the" attorney fees eventually awarded in this matter, unaffected by their inability to presently intervene, by suing Woodward's counsel directly as they see fit. *U.S. Bank Nat'l Ass'n v. State Farm Fire & Cas. Co.*, 765 F.3d 867, 870 (8th Cir. 2014); *see also Ritchie*, 620 F.3d at 834 (stating that denying of intervention would cause "no prejudice to [the movant]" because it still had "a venue to contest (and protect) its claims" in court).

In denying LW Holdco's motion as untimely, the Court agrees with the similar conclusion of the district court in *Youssef v. Sallie Mae, Inc.*, 23-MC-02113 (E.D.N.Y. Nov. 19, 2023). There, LW Holdco also moved to intervene in a similar matter "on the eve of the Parties' hearing on the motion for final approval of the Class Settlement" even though it was "aware that it would have an interest in attorney's fees two-and-a-half years ago." *Id.* We agree with that court that, given the weighty factors against intervention in this case, LW Holdco "has not identified any unusual circumstances weighing in favor of timeliness and has therefore failed to establish that its request to intervene should be granted." *Id.* As such,

IT IS ORDERED:

1. LW Holdco IV LLC's Amended Motion to Intervene and Request for Oral Argument (Filing No. 11) and Motion to Request Status Conference (Filing No. 18) are denied.
2. The hearing on plaintiff Kenneth Joseph Woodward's Motion for Final Approval of Class Action Settlement (Filing No. 9) will proceed as originally planned on December 8, 2023, at 1:30 PM.

Dated this 4th day of December 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge